## In United States District Court
### For the District of Delaware

UNITED STATES OF AMERICA

v.

MANUEL MEDLEY
Defendant

Criminal Complaint

CASE NUMBER: 07-*199M*

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about October 19, 2007 in the District of Delaware, Defendant MANUEL MEDLEY did

knowingly:

1) possess in and affecting interstate commerce, a firearm, after having been convicted on or about June 10, 2002 of a crime punishable by imprisonment for a term exceeding one year,
in violation of Title _____18_____ United States Code, Section(s) __922(g)(1) and 924(a)(2);__
2) possess with intent to distribute cocaine base,
in violation of Title _____21_____ United States Code, Section(s) __841(a)(1) and (b)(1)(C);__ and
3) possess a firearm in furtherance of the above possession with intent to distribute cocaine base,
in violation of Title _____18_____ United States Code, Section(s) __924(c).__

I further state that I am a(n) __Special Agent, ATF__ and that this complaint is based
on the following facts:

See attached Affidavit

Continued on the attached sheet and made a part hereof:   Yes

*[signature]*

Special Agent, ATF

**FILED**
OCT 22 2007
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Sworn to before me and subscribed in my presence,

__10-20-07__ at  __Wilmington, DE__
Date                                   City and State

__Beatrice A Freed, Justice of the Peace__        __[signature]__
Name & Title of Judicial Officer                            Signature of Judicial Officer

I, Jason M. Kusheba, being duly sworn, state as follows:

1. I am a Special Agent with the U.S. Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed for over six years. During that time, my duties have included the investigation of firearms and narcotics offenses at both the State and Federal levels. Your Affiant is currently assigned to the Operation Disarm Task Force and has been so assigned since October, 2003. During the course of your affiant's law enforcement career, your affiant has received law enforcement training on the investigation of firearms offenses on over fifty occasions. Your affiant has participated in over one hundred investigations of firearms offenses and participated in the seizure of over fifty firearms. You Affiant has also had over one hundred conversations with police officers and Federal agents about the facts and circumstances of firearms offenses. During the course of your affiant's law enforcement career, your affiant has also received law enforcement training on narcotics offenses, including offenses that involve crack cocaine. From this training, your affiant has learned the weights, packaging, street values, paraphernalia, and other factors that are indicative of crack cocaine being possessed for purposes of distribution, as opposed to for personal use or other purposes. During the course of your affiant's law enforcement career, your affiant has participated in over twenty searches for crack cocaine, and seizures of crack cocaine. Your Affiant has also participated in numerous investigations of crack cocaine offenses and has had numerous conversations with police officers and Federal agents about the facts and circumstances of narcotics offenses. Your Affiant has been employed as a law enforcement officer in various capacities since 1997.

2. Unless otherwise stated, the information in this affidavit is based upon your affiant's personal knowledge and based on conversations with Wilmington Police Officers.

3. The seizure of all the below stated evidence occurred on October 19, 2007, in the City of Wilmington, State and District of Delaware, as stated to me by one or more Wilmington Police Officers with personal knowledge of the seizure of the below items.

4. Your affiant reviewed the computer criminal history information for the Defendant, Manuel Medley, from the Delaware Justice Information System (DELJIS) and the National Crime Information Center (NCIC) and learned that the defendant has a prior felony conviction for Conspiracy – second degree, from on or about June 10, 2002 in the Superior Court of the State of Delaware, a crime punishable by imprisonment for a term exceeding one year.

5. Your affiant learned that on October 19, 2007 at approximately 8:00 PM, officers of the Wilmington Police Department executed a Delaware State search and seizure warrant a specific apartment in Wilmington, Delaware. Pursuant to the search, officers recovered a Sig Sauer .40 caliber pistol, Model 229, serial number AM67479, and a KBI 9mm caliber pistol, Model MAK, serial number V11665, 92.2 grams of cocaine base, and a quantity of narcotics paraphernalia. Ammunition was also recovered from each pistol. Officers located the cocaine base in a hidden compartment of a glass container on the kitchen counter in the apartment. The KBI pistol was located in the kitchen drawer directly below the cocaine base. The Sig Sauer pistol was located in a small locked safe in a room of the apartment. The apartment did not contain any furniture or

clothing.

6. Officers told your affiant that defendant Medley was arrested on the same date, at another location. At the time of his arrest, Medley in possession of a key chain containing keys to his motor vehicle, a key to the apartment that was subject to the search and seizure warrant, and a key that unlocked the safe containing the Sig Sauer pistol.

7. From my training and experience and prior discussion with an ATF Agent who is expertly trained and experienced in determining the interstate nexus of firearms, your affiant knows that the above - mentioned firearms were manufactured in a state other than Delaware such that their possession in Delaware would have necessarily required that the firearms had crossed state lines prior to its possession in Delaware and such that the possession of these firearms in Delaware have affected interstate commerce.

8. Your affiant knows that the above-mentioned seized firearms contain the frame and receiver of a firearm and that the firearms appeared to be capable of expelling a projectile by action of an explosive.

9. Officers told you affiant that they weighed and conducted a narcotics field test of the cocaine base. Your affiant knows that the substance tested positive for cocaine base and had an approximate total weight of 92.2 grams.

10. Based upon your affiant's training and experience, your affiant knows that the quantity of the crack cocaine seized is more than would be customarily possessed for personal use and that it is consistent with possession for distribution purposes.

11. From my training and experience, your Affiant knows that firearms are used to protect narcotics, and narcotics proceeds, and that the KBI pistol being so close to the cocaine base, that this firearm was possessed in furtherance of a possession with intent to distribute cocaine base.

12. Wherefore, based upon your affiant's training and experience, your affiant submits that there is probable cause to believe that the defendant violated Title 18 U.S.C. Section 922(g) and 924(a)(2) by possessing in and affecting interstate commerce a firearm, after having previously been convicted of a felony crime punishable by imprisonment for a term exceeding one year; Title 21 U.S.C. Section 841 (a)(1) and (b)(1)(C); and Title 21 U.S.C. 841 (a)(1) and (b)(1)(C) by possessing with intent to distribute crack cocaine; and Title 18 U.S.C. Section 924(c) by possessing a firearm in furtherance of a felony drug trafficking crime for which he may be prosecuted in a court of the United States, possession with intent to distribute crack cocaine, and respectfully requests that the Court issue a Criminal Complaint charging that offense.

_____
Jason Kusheba
Special Agent, ATF

Sworn to and subscribed in my presence
This 20th day of October, 2007

_____
Justice of the Peace Court Judge
State of Delaware