**REDACTED**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | **REDACTED** |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. 07-140-GMS |
| ) | |
| MANUEL MEDLEY, ) | |
| ) | |
| Defendant. ) | |

### SUPERSEDING INDICTMENT

The Grand Jury for the District of Delaware charges that:

### COUNT ONE

On or about October 19, 2007, in the State and District of Delaware, Manuel Medley, defendant herein, did knowingly possess in and affecting interstate and foreign commerce, a firearm, that is, a Sig Sauer, .40 caliber pistol, Model 229, serial number AM67479, after having been convicted on or about June 10, 2002, of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court of the State of Delaware, in violation of Title 18, United States Code, Sections 922(g)(1) & 924(a)(2).

### COUNT TWO

On or about October 19, 2007, in the State and District of Delaware, Manuel Medley, defendant herein, did knowingly possess in and affecting interstate and foreign commerce, a firearm, that is, a FEG, 9 mm caliber pistol, serial number V11665, after having been convicted on or about June 10, 2002, of a crime punishable by imprisonment for a term exceeding one year, in the Superior Court of the State of Delaware, in violation of Title 18, United States Code, Sections 922(g)(1) & 924(a)(2).

FILED

DEC 27 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

## COUNT THREE

On or about October 19, 2007, in the State and District of Delaware, Manuel Medley, defendant herein, did knowingly possess with the intent to distribute 50 grams or more of a mixture and substance containing a detectible amount of cocaine base, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

## COUNT FOUR

On or about March 15, 2007, in the State and District of Delaware, Manuel Medley, defendant herein, did knowingly distribute a mixture and substance containing a detectible amount of cocaine base, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT FIVE

On or about March 27, 2007, in the State and District of Delaware, Manuel Medley, defendant herein, did knowingly distribute a mixture and substance containing a detectible amount of cocaine base, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## COUNT SIX

On or about April 6, 2007, in the State and District of Delaware, Manuel Medley, defendant herein, did knowingly distribute a mixture and substance containing a detectible amount of cocaine base, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C).

## NOTICE OF FORFEITURE

Upon conviction of one or more of the offenses alleged in Counts One through Six of this Indictment, defendant Manuel Medley shall forfeit to the United States pursuant to 18 U.S.C. § 924(d), 21 U.S.C. § 853 and 28 U.S.C. § 2461(c), any property, real and personal, that constitutes

or is derived from or is traceable to proceeds obtained directly or indirectly from the commission of the above offense(s); all property, real or personal, that was used to facilitate, or was intended to be used to facilitate the commission of the offense(s); and, all firearms and ammunition involved in the commission of the offense(s), including but not limited to the following:

> A Sig Sauer, .40 caliber pistol, Model 229, serial number AM67479, and any ammunition contained therein;
>
> A FEG, 9 mm caliber, Model MAK, serial number V11665, and any ammunition contained therein;
>
> $49,585 in cash.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due diligence;
(b) has been transferred or sold to, or deposited with, a third party;
(c) has been placed beyond the jurisdiction of the court;
(d) has been substantially diminished in value; or
(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C. § 924(d) and 21 U.S.C. § 853(p) as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendant up to the value of the forfeitable property described above.

Foreperson

COLM F. CONNOLLY
United States Attorney

BY: _____
Shawn A. Weede
Assistant United States Attorney

Dated: December 27, 2007